**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4318**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

RASHADI ANDRE WEARING,

    Defendant – Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.  Norman K. Moon, Senior District Judge.  (3:04-cr-00092-nkm-bwc-8)

_____

Submitted:  September 2, 2011  Decided:  September 19, 2011

_____

Before MOTZ, KING, and SHEDD, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Willis J. Spaulding, Charlottesville, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Nancy S. Healey, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rashadi Andre Wearing appeals the district court's amended judgment entered after this court remanded the action for the purpose of having the district court make a retrospective determination regarding Wearing's competency when he pled guilty. Wearing claims the district court erred finding that he failed to show he was not competent when he pled guilty. In addition, he contends that at sentencing, the court did not believe it had the authority to depart downward and that his counsel was ineffective. We affirm.

Despite Wearing's claim that de novo review is proper, this court reviews a district court's competency determination for clear error and for abuse of discretion. United States v. Moussaoui, 591 F.3d 263, 291 (4th Cir. 2010); United States v. Robinson, 404 F.3d 850, 856 (4th Cir. 2005); United States v. Cox, 964 F.2d 1431, 1433 (4th Cir. 1992). A district court must determine if "[the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding - and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402 (1960) (internal quotation marks omitted). The defendant shall be considered incompetent if the district court finds, "by a preponderance of the evidence that the

defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."[*] 18 U.S.C. § 4241(d) (2006).

"Not every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges." Burket v. Angelone, 208 F.3d 172, 192 (4th Cir. 2000). Similarly, "neither low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior can be equated with mental incompetence to stand trial." Id. In this instance, Wearing had the burden of establishing his incompetence. United States v. Robinson, 404 F.3d at 856. There is no merit to Wearing's claim that under the circumstances, the Government should have had the burden of establishing that he was competent.

We conclude that the record clearly supports the finding that Wearing was not under the influence of prescribed medications for bipolar disorder during the time period when he

---

[*] We conclude that Wearing's claim that the district court should have been governed by our holding in United States v. Damon, 191 F.3d 561 (4th Cir. 1999) is without merit as that case is clearly distinguishable.

3

pled guilty. At the Rule 11 hearing, Wearing, under oath, told the court he was not taking any prescribed medications and that he was not under the care of a physician or a psychiatrist. Furthermore, Wearing's medical records support the finding that Wearing had not taken his prescribed medications prior to or on the day he pled guilty. We also conclude that there was no error in the district court's finding that Wearing failed to show he was not competent when he pled guilty.

We are without jurisdiction to review the district court's finding that the evidence did not support a downward departure. Our review of the record shows that the court understood its authority to depart and chose not to. United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990).

As a general rule, claims of ineffective assistance of counsel should be raised in a 28 U.S.C.A. § 2255 (West Supp. 2011) motion rather than on direct appeal unless the appellate record conclusively demonstrates ineffective assistance. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). The record currently before the court does not conclusively establish that Wearing's trial counsel was ineffective at sentencing.

Accordingly, we affirm the amended judgment of conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before the court and argument would not aid the decisional process.

                                                        AFFIRMED